A98A1323. McCLURE v. THE STATE.
(506 SE2d 667)

Judge Harold R. Banke.

Lewis McClure was convicted of first degree forgery. In his sole enumeration of error, he challenges the sufficiency of the evidence.

This case arose after the victim's purse was snatched as she and her family left a downtown restaurant. *Piefer v. State*, 228 Ga. App. 385 (491 SE2d 836) (1997) (evidence is reviewed on appeal in the light most favorable to the verdict). Her checkbook was in the purse. Shortly after the snatching, the victim put a stop payment on certain numbered checks in her checking account.

Over a month later, McClure presented one of the checks stolen from the victim's purse at the drive-through window of a local bank. The check was made payable to McClure and was endorsed by him on the back. When McClure presented his driver's license as identification, the teller examined the picture and determined that it depicted the individual who handed it to her. She also matched the signature on the license to that on the endorsement.

After discovering the stop payment, she declined to cash the check. Instead, she wrote the driver's license number on the back of the check, photocopied it, and returned the check to McClure. McClure was arrested after this information was given to the police. *Held*:

McClure argues that the evidence was insufficient to establish that he possessed the check without the victim's authority and uttered the check. We disagree.

The pertinent elements of forgery in the first degree are (1) knowingly making, altering, or possessing any writing (2) in such manner that the writing as made or altered purports to have been made by authority of one who did not give such authority and (3) uttering or delivering such writing (4) with the intent to defraud. OCGA § 16-9-1 (a). At trial, the teller could not specifically remember the incident at issue, which had occurred two years previously. However, the record showed that she routinely compared the faces of customers seeking to cash checks with the identification they were required to present. In fact, she received special training in following the procedure for matching faces to driver's licenses. The teller testi-

fied that had she not matched McClure's face to the picture on his license, she would have noted that on the back of the check. There was no such notation on the back of the check at issue. Moreover, a handwriting expert testified that the signature on the back of McClure's license in all probability was written by the same individual who endorsed the check. In addition, the victim's eighth grade son identified McClure in a photo lineup and at trial.

On appeal, our review is limited solely to sufficiency of the evidence, viewed in the light most favorable to the verdict. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). Judgments regarding its weight or credibility of witnesses are beyond our purview. *Jenkins v. State*, 230 Ga. App. 166, 170 (2) (495 SE2d 647) (1998). The evidence presented, while primarily circumstantial, was sufficient to permit the jury to find all the essential elements of the crime. See *Gordon v. State*, 206 Ga. App. 450, 454 (3) (425 SE2d 906) (1992).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 10, 1998.

*Juwayn N. Haddad*, for appellant.
*Paul L. Howard, Jr.*, District Attorney, *Peggy R. Katz*, Assistant District Attorney, for appellee.