A98A2429. COOK v. THE STATE.
(508 SE2d 473)

ELDRIDGE, Judge.

A Fayette County jury found Marcus Louis Cook guilty of felony obstruction of an officer. We have reviewed Cook's five enumerations of error and affirm his conviction.

1. Cook first challenges the sufficiency of the evidence intro-

duced against him. He contends that (1) the two officers who testified on behalf of the prosecution contradicted each other, and (2) "defendant's testimony shows that he had no intent to terrorize the alleged victim but was simply stating the tray was not thrown but had simply turned over due to the closing of the door as the Sergeant was leaving the cell."

The record shows that Cook was an inmate at the Clayton County Correctional Institution. During meal time, it is the policy of the institution for the officer in charge of delivering the meals to place the tray inside the inmate's cell; "[w]hether he decides to eat or not, that is up to him, but it's policy to set the tray inside the cell so he does have an opportunity." Cook refused to allow the tray to be placed in his cell. The on-duty officer called his supervisor for assistance. The supervising officer "opened the door and guided the inmate to the back far wall." The tray was placed inside the cell. As the supervisor left the cell, Cook picked up the tray and threw it at the supervisor, striking him in the back.

"[I]t is the function of the jury, and not this Court, to resolve conflicts in the evidence. This Court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses." (Citation and punctuation omitted.) *Kapua v. State*, 228 Ga. App. 193, 195 (491 SE2d 387) (1997).

Clearly, the jury in this case resolved any alleged conflicts in the testimony against Cook. It is equally clear that the jury did not believe Cook's trial testimony that he did not throw the tray at the supervising officer and that both officers were lying. These credibility decisions rightfully belong to the jury, and this Court will not go behind them. The evidence was sufficient for a rational trier of fact to have found Cook guilty beyond a reasonable doubt of felony obstruction of an officer. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Next, Cook contends that his sentence for felony obstruction was "excessive and disproportionate to the offenses charges [sic] in violation of the Eighth Amendment to the United States Constitution." We disagree.

"A determinate sentence which falls within statutorily mandated parameters is not subject to attack on Eighth Amendment grounds. [Cit.]" *Pollard v. State*, 230 Ga. App. 159, 161 (5) (495 SE2d 629) (1998). Felony obstruction of an officer carries a penalty of between one and five years imprisonment. OCGA § 16-10-24 (b). The trial court sentenced Cook to five years imprisonment, to be served consecutively to Cook's current term of imprisonment. As Cook's sentence was within the term provided by law, it did not violate the Eighth Amendment. Id.

Further, following Cook's conviction in the instant case, the State introduced in aggravation of sentence a prior conviction for burglary and a prior conviction for obstruction of an officer and burglary, which convictions were considered by the trial court in imposing sentence. The trial court noted that Cook previously had been sentenced to four years to serve and five years to serve respectively on the prior convictions. Accordingly, we find neither a failure to exercise discretion in sentencing nor an abuse thereof. OCGA § 17-10-7.

3. In his third enumeration of error, Cook contends that "it was error for the trial court to proceed with trial against the Defendant, with knowledge that the defendant was alleging that he had not received discovery from the State." Again, we do not agree.

The record shows that the State served Cook with discovery which consisted of the indictment, list of witnesses, notice of aggravation of punishment, and notice of similar transactions.[1] At trial, the prosecutor stated that "we have provided everything to Mr. Cook." The prosecutor further stated that "I spoke with this man Monday in jail and he had the discovery he'd been provided by our officer with him at that time."

It is clear from our review of the record that Cook believed that he was entitled to *more* discovery than he received. However, Cook has never stated what additional discovery he expected, and, from review of the trial evidence in this obstruction case, we can perceive no additional discovery that should have been provided. "This Court will not speculate whether any belated discovery deprived appellant of his right to a fair trial; appellant failed to carry his appellate burden of establishing how he has been harmed." *Herndon v. State*, 229 Ga. App. 457, 458 (3) (494 SE2d 262) (1997).

4. Cook's fourth enumeration of error is that "[i]t was error for the trial court to allow the trial to go forward without questioning the Defendant and/or securing the Defendant's statement as to his need and/or desire for representation by an attorney as provided in the Sixth and Fourteenth Amendments to the U. S. Constitution." In support thereof, Cook cites *Maine v. Moulton*, 474 U. S. 159 (106 SC 477, 88 LE2d 481) (1985), the seminal case regarding the right to have counsel present in a confrontation between the accused and the State.

The record does not support Cook's claim of error. In fact, the trial court appointed an attorney to represent Cook on the obstruction charge. Cook filed a motion to withdraw the attorney. The trial court held a hearing on the subject, during which Cook "asked to be

---

[1] Similar transaction evidence was not introduced in the trial of this case.

allowed to represent himself." At trial, Cook never indicated that he had changed his mind about self-representation and wanted an attorney to be appointed. Moreover, Cook does not allege such before this Court.[2]

"The appellant's constitutional right to adequate counsel was satisfied in this case but he threw it away. . . . We do not question that a defendant has the right to counsel, but he had it in this case and voluntarily gave it up." (Citation omitted.) *Mock v. State*, 163 Ga. App. 320, 321-322 (293 SE2d 525) (1982); *Hasty v. State*, 210 Ga. App. 722, 724 (437 SE2d 638) (1993). The error as enumerated is meritless.

5. In his last enumeration of error, Cook claims that the trial court erred by failing to charge the jury on the defense of accident. However, Cook did not put forward the defense of accident. Cook testified during trial that he did not throw the tray at the correction officer; that the officer "didn't get hit"; that the correction officers who testified were lying; and that Cook was "the only one telling the truth." Because the trial court is not obligated to give a charge not adjusted to the facts, the court did not err in failing to charge on accident. *Carlton v. State*, 224 Ga. App. 315, 319 (480 SE2d 336) (1997).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 3, 1998.

*Weldon & Ruppenthal, George H. Weldon,* for appellant.
*William T. McBroom III, District Attorney,* for appellee.

---

[2] Cook's enumeration of error does not raise issues regarding the dangers of self-representation or the trial court's duty to inform a defendant of such.