A99A2154. WRIGHT v. THE STATE.
(525 SE2d 143)

ELDRIDGE, Judge.

Jacqueline "Jackie" Wright appeals from the denial of her motion for new trial following her February 1997 conviction for aggravated assault. We affirm.

1. In her first enumeration, Wright challenges the sufficiency of the evidence.

On appeal[,] the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this [C]ourt

determines evidence sufficiency, and does not weigh the evidence or determine witness credibility.

(Citations omitted.) *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). In evaluating the sufficiency of the evidence, "the relevant question is whether . . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [Cit.]" (Emphasis in original.) Id. at 319.

The evidence presented at trial included the testimony of investigating police officers, the victim, and Wright. The evidence showed that, on January 12, 1996, Wright and the victim were drinking beer in the victim's truck when Wright asked the victim for money so she could get another "hit," i.e., drugs. The victim told Wright that he did not have any more money. Wright then shot the victim several times in the neck, face, arm, and chest. After the victim fell from the truck, Wright pointed the gun at the victim's head and took his wallet. Wright left the scene, threw away the gun, and went to a friend's house down the street.

When police officers arrived at the scene, the victim was bleeding severely from his neck. An officer put pressure on the victim's neck to reduce the bleeding, taking care not to choke the victim, and contacted Emergency Medical Services. Upon questioning from the officer, the victim identified "Jackie" as the shooter.

Approximately thirty to forty-five minutes later, police officers arrested Wright two blocks from the crime scene. Wright gave a post-arrest statement to the police, wherein she admitted that she shot the victim and threw away the handgun on Chandler Avenue. See Division 2, infra. The handgun was found on Chandler Avenue, approximately 75 yards from the crime scene.

This evidence is sufficient for a rational juror to find Wright guilty beyond a reasonable doubt of aggravated assault. *Jackson v. Virginia*, supra.

2. In her second enumeration, Wright claims that the State did not disprove her justification defense beyond a reasonable doubt. We disagree.

Wright's post-arrest statement to police was read into evidence. In the statement and during her testimony, Wright admitted shooting the victim but claimed that the shooting was justified, because the victim had "tried to jump" her and had pointed a gun at her moments earlier. She admitted that she shot the victim while in the truck and then "went to the driver's side of the pickup and fired until he stopped tussling with me." The victim, however, denied threatening Wright or pointing a gun at her; he testified that he was looking out the window when Wright suddenly shot him.

Accordingly, the State presented sufficient evidence to demonstrate that Wright's behavior was not justified. The fact that Wright presented an affirmative defense does not negate the State's evidence but simply presents two scenarios from which the jury could choose. The jury obviously did not believe Wright and chose instead to believe the victim's testimony. As the jury is the sole judge of witness credibility, such choice is theirs to make, and it will not be disturbed on appeal. OCGA § 24-9-80; *Cook v. State*, 235 Ga. App. 104, 105 (1) (508 SE2d 473) (1998); *Oakes v. State*, 233 Ga. App. 684, 685-686 (1) (505 SE2d 33) (1998).

3. In her third enumeration, Wright claims that the trial court erred by failing to read the indictment or give a limiting instruction on aggravated assault during its instructions to the jury. Wright asserts that the jury may have convicted her based upon the fact that she shot the victim in the chest *instead of, or in addition to,* the neck. This argument is completely without merit.

The indictment charged that Wright committed aggravated assault when she shot the victim in the neck with a handgun. An investigating police officer testified that, when he arrived at the scene, the victim was bleeding profusely from the neck and chest. Since there was a "substantial" amount of blood coming from the victim's neck, the officer attempted to reduce the bleeding by using a rag to put pressure on the neck wound, using care not to choke the victim.

The indictment was read to the jury following jury selection and during the State's opening argument. The defense stressed during closing arguments that "[i]f you [the jury] don't think that they proved that he [the victim] was shot in the neck, find Jackie Wright not guilty." During the jury charge, the trial court specifically noted that the indictment would be sent out with the jury and, if they had questions about it, "then it would be your privilege as well as your duty to read the indictment for yourselves."

The trial court gave the jury a comprehensive charge, including a charge on the State's burden to prove "every material allegation of the indictment and every essential element of the crime beyond a reasonable doubt." The trial court charged the jury with the exact language of the specific aggravated assault statutory subsection at issue, OCGA § 16-5-21 (a) (2).[1] Contrary to Wright's claim on appeal, it did not charge on the "entire" aggravated assault Code section. See

---

[1] The charge read as follows:

A person commits the offense of aggravated assault when that person assaults another person with a deadly weapon or with any object, device, or instrument which when used offensively against a person is likely to or actually does result in serious bodily injury.

OCGA § 16-5-21 (a) (1) (aggravated assault with intent to murder, rape or rob) and (a) (3) (aggravated assault by drive-by shooting). Therefore, her reliance on *Perguson v. State*, 221 Ga. App. 212 (470 SE2d 909) (1996), is misplaced. In *Perguson*, the trial court erroneously charged the jury on the entire Code section of aggravated child molestation, when only one subsection was alleged in the indictment. Id. at 213-214 (1).

In this case, the question presented to the jury was clear — did Wright commit aggravated assault by shooting the victim in the neck with a deadly weapon, i.e., a handgun? The jury found that she did, and the overwhelming, uncontradicted evidence supported their verdict. There is no "reasonable possibility" that the jury was confused or misled by the fact that the victim *also* was shot in other parts of his body or that this fact affected the verdict in any way. See *Childs v. State*, 257 Ga. 243, 253 (17) (357 SE2d 48) (1987); *Pettway v. State*, 204 Ga. App. 804 (420 SE2d 619) (1992); *Searcy v. State*, 168 Ga. App. 233-234 (1) (308 SE2d 621) (1983); *Slack v. State*, 159 Ga. App. 185, 188 (2) (283 SE2d 64) (1981). There was no error.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 10, 1999.

*Hal T. Peel*, for appellant.

*J. Thomas Durden, Jr., District Attorney, James S. Archer, Assistant District Attorney*, for appellee.