## A99A2275. JORDAN v. THE STATE.
### (528 SE2d 858)

MILLER, Judge.

Doretha Jordan, also known as Doretha Johnson or Barbara Carol Hall, was found guilty of thirty-seven counts of forgery in the first degree, one count of theft by taking, and five counts of financial transaction card fraud. The trial court ultimately granted defendant's motion for directed verdict with respect to six forgery counts. Defendant appeals from the judgment of conviction and sentence entered on the jury's verdicts. In two related enumerations of error, she challenges the sufficiency of the evidence to convict. Viewed in the light most favorable to the jury's verdicts, the evidence adduced at trial revealed the following:

Patricia P. Parlato hired defendant under the name Doretha Johnson to be the office manager for Parlato's pediatric speech therapy practice in DeKalb County. Defendant's responsibilities included payroll, client billing, payment of bills, purchase of supplies, and banking. Defendant's authorized salary was never more than $368 for a 32-hour week. For the last ten years, Parlato had a business checking account with Tucker Federal Savings & Loan, whose main branch is in DeKalb County, using exclusively the Doraville branch in DeKalb County, a mile from her business. Parlato was the only authorized check signer on this account. During the five months that defendant was office manager, Parlato continued her earlier practice of signing up to ten blank business checks at a time, and defendant would draw them to pay for business expenses, as needed. Defendant persuaded Parlato to rent a post office box in Doraville, for which defendant held the only key.

Parlato, who authorized defendant to make out a check only if she recorded it in the ledger, identified the authorized payroll checks to defendant from carbon copies in the check register. She further identified unauthorized payees and purchases made with presigned checks, drawn by defendant in her handwriting or else typed, and for which there was no corresponding ledger entry. For example, on September 19, 1997, defendant drew a check to herself for $3,500 and deposited this in her personal checking account. On September 26,

1997, the same day she drew her regular salary of $368, defendant also made out another check to herself in the amount of $2,000, which was deposited in defendant's personal checking account. Hendriette Thomas, defendant's self-described cousin, was the payee on checks for $2,100, $2,500, and $2,750. Art Ewing, defendant's fiancé, was the payee on a check for $525, although Parlato had paid him $100 in cash for the one time Ewing performed chores for her.

Parlato has never had a business credit card, and she never authorized defendant to apply for a credit card in the name of Parlato's business. But over the 1997 Christmas holidays, while defendant was in Texas visiting her mother, Parlato received bills from American Express, Office Max, and First USA for accounts in the name of her business. Also, Tucker Federal returned three deposited checks, purportedly drawn by Hendriette Cotton to the order of Parlato's business, with the notation "ACCOUNT CLOSED." When Parlato telephoned defendant in Texas to demand an explanation, defendant "said, well, I [defendant] must have made a mistake. That's my cousin." Defendant begged Parlato not to cancel the credit card, told her that she would repay everything on the card, and apologized for being out of control.

Parlato immediately contacted the various creditors in order to cancel the accounts. She also closed her business checking account, but by then, defendant had issued unauthorized checks totaling more than $50,000 from the account. Ron Fosia, assistant vice president and custodian of records for Tucker Federal, identified State's Exhibits 1 through 37 and 133 as checks drawn on Parlato's business accounts that were negotiated and honored by the bank. Three were cashed at the Doraville branch of Tucker Federal in DeKalb County. At the end of September 1997, Parlato's business checking account had a balance of $67,000. At the end of November, the balance was $43,500, but by the end of December, the balance was only $16,274.

Parlato identified defendant's handwriting on the credit card applications, including what purports to be Parlato's signature. Defendant typically requested a second card in the name of Doretha Johnson. No charges were incurred by Parlato, who typically pays cash for her purchases.

1. (a) Regarding the general grounds, a person commits the offense of forgery in the first degree when, "with the intent to defraud he knowingly makes . . . or possesses any writing . . . in such manner that the writing as made . . . purports to have been made . . . by authority of one who did not give such authority and utters or delivers such writing."[1] Parlato identified as unauthorized certain checks

---

[1] OCGA § 16-9-1 (a).

defendant made out to herself, her fiancé, her cousin, and her mortgagee. Each check left defendant's possession to be negotiated and honored by Parlato's bank. This is sufficient under the standard of *Jackson v. Virginia*[2] to authorize the jury's verdicts that defendant is guilty, beyond a reasonable doubt, of forgery in the first degree by possessing, uttering, and delivering the unauthorized checks with the intent to defraud, as alleged in the indictment.[3] At the very least, she is guilty as a party to the crime of forgery in the first degree under OCGA § 16-2-20 (a).[4]

(b) Proof that defendant cashed or deposited into her own account more than $500 worth of unauthorized checks is sufficient to support the jury's verdict that defendant committed theft by taking as alleged in Count 38 of the indictment, in violation of OCGA § 16-8-2.[5]

(c) Proof that defendant Jordan used the alias Doretha Johnson on the business account credit card applications is sufficient to authorize the jury's verdicts that she committed financial transaction card fraud as alleged in Counts 39 through 43, in violation of OCGA § 16-9-33 (d).[6]

2. Defendant's motion for direct verdicts of acquittal on all counts specifically challenged the evidence of venue. The denial of that motion is enumerated as error.

Generally, all criminal cases shall be tried in the county where the crime was committed.[7] Venue is a jurisdictional fact which must be proved by the prosecution beyond a reasonable doubt.[8] Circumstantial as well as direct evidence may establish venue.[9]

Defendant lived in DeKalb County. Parlato's therapy practice is in DeKalb County. The post office box was in DeKalb County. If defendant fraudulently drew unauthorized checks at some place other than her place of work, the two most likely locations were her home or the post office, all in DeKalb County. It is entirely reasonable that evidence that a forged instrument was forged in a given county would, in the absence of evidence to the contrary, authorize the inference by the jury that the uttering was committed in that same county.[10] The evidence that defendant committed forgery in

---

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Crowder v. State*, 218 Ga. App. 630, 632 (2), (3) (462 SE2d 754) (1995).

[4] *Jenkins v. State*, 217 Ga. App. 655, 656 (2) (458 SE2d 497) (1995).

[5] See *Miller v. State*, 233 Ga. App. 814, 816 (2) (506 SE2d 136) (1998).

[6] See *Goswick v. State*, 201 Ga. App. 799, 800 (412 SE2d 293) (1991).

[7] Ga. Const. of 1983, Art. VI, Sec. II, Par. VI.

[8] *Graves v. State*, 269 Ga. 772, 773 (1) (504 SE2d 679) (1998).

[9] *Loftin v. State*, 230 Ga. 92, 94 (195 SE2d 402) (1973).

[10] *Howard v. State*, 181 Ga. App. 187, 189-190 (351 SE2d 550) (1986) (whole court), citing *Goldstein v. State*, 94 Ga. App. 437 (3) (95 SE2d 47) (1956).

DeKalb County, although circumstantial, is uncontradicted and is sufficient to support the verdict.[11] Three of the unauthorized business checks were cashed or negotiated at the Doraville branch of Tucker Federal, in DeKalb County. This is sufficient proof of venue for theft by taking under OCGA § 16-8-11. The unauthorized credit cards were issued to Parlato's DeKalb County business, authorizing the rational inference that the fraudulent application process was commenced in DeKalb County, as required by OCGA § 16-9-33 (g). The trial court correctly denied defendant's motion for directed verdicts on the ground that venue was not proven for any offense.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED JANUARY 27, 2000 —
RECONSIDERATION DISMISSED MARCH 1, 2000.

*Jerome C. McKee*, for appellant.
Doretha Jordan, *pro se.*
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Benjamin M. First, Assistant District Attorneys*, for appellee.

---

[11] *Womble v. State*, 107 Ga. 666, 669 (3), (4) (33 SE 630) (1899).
[1] See OCGA § 16-10-24 (b).