## A00A2022. SMITH v. THE STATE.
### (539 SE2d 881)

ELDRIDGE, Judge.

A Clayton County jury found Derrick Keith Smith guilty of aggravated assault and possession of a handgun during the commission of a crime. On appeal, Smith claims that the evidence is insufficient to support his conviction; that the trial court improperly restricted his cross-examination; and that the trial court improperly

---

permitted the victim to show his injuries to the jury. We have reviewed these claims of error, and, finding them meritless, we affirm Smith's conviction.

1. On appeal, our review is limited solely to the sufficiency of the evidence, viewed in the light most favorable to the verdict.[1] In that regard, the victim testified at trial that he was visiting Woods Motel when he saw Smith standing at the open window of the victim's car; that Smith saw the victim looking at him and began to rapidly walk away from the car; that the victim yelled out to Smith, asking what was he doing with the victim's car; that Smith replied "fuck you"; that Smith and the victim then approached each other in the motel parking lot and bumped chests; and that Smith cursed the victim again and shot him in the chest at point blank range.

Smith, on the other hand, testified at trial that he found an automatic pistol next to a dumpster in the parking lot of Woods Motel; that he had been trying to fire the weapon in an adjacent wooded area, but the pistol was jammed: "I was pulling the trigger. I was trying to bring the lever back that was on the gun, and I couldn't do it. I couldn't get the gun to fire"; that he was walking through the parking lot of the motel when he inadvertently dropped the weapon; that he heard the victim yelling at him; that he told the victim "I was busy and for him to please leave me alone"; that the victim then said "fuck you"; that "as we were speaking, I got up with the gun — and as I got up, he approached me and got into my face as I was getting up — and the gun went off"; that Smith got scared and went to his girlfriend's house; and that he did not intend to shoot the victim.

By its verdict, it seems clear that the jury believed the victim and did not believe Smith's version of events. That was the jury's prerogative. Judgments regarding the credibility of witnesses or the weight to be given evidence are strictly within the province of the jury and are beyond the scope of this Court's review.[2] Instead, "the relevant question is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[3] Here, on the victim's testimony alone, the evidence is sufficient for a rational trier of fact to have found beyond a reasonable doubt each of the elements of the offenses for which Smith was charged.[4] Accordingly, the evidence was sufficient to uphold the verdict.

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] *McClure v. State*, 234 Ga. App. 304, 305 (506 SE2d 667) (1998).

[3] (Citation, punctuation and emphasis omitted.) *Wright v. State*, 240 Ga. App. 763 (1) (525 SE2d 143) (1999).

[4] "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. "The credibility of a witness is a matter to be determined by the jury under proper instructions from the court." OCGA § 24-9-80.

2. Smith claims that, because the trial court sustained relevancy objections to two cross-examination questions, he was denied his right to a thorough and sifting cross-examination of the witnesses involved. Upon review of the rejected questions, however, we find no error.

(a) Defense counsel asked an investigating officer whether he had examined the victim's car for damage. The trial court properly sustained a relevancy objection. Whether or not the officer had examined the victim's car for damage was irrelevant to the crimes charged. Such question did not go to motive, justification, or any other relevant issue on the trial of this case. Nor could defense counsel establish the question's relevancy.

(b) Defense counsel asked another investigating officer, "are you familiar with a .25 caliber? . . . In your experience, has there been occasion when those type of guns have automatically discharged?" The trial court properly sustained a relevancy objection. There are thousands of .25 caliber weapons from many manufacturers. The question as framed was too broad to be relevant to the specific weapon at issue in this case. "Because the question was too broad to relate directly to a relevant issue, such as the [firing operation of the .25 caliber weapon involved] in this case, we cannot say the trial court manifestly abused its discretion."[5] Moreover, under Smith's own testimony at trial, the weapon at issue fired because it was allegedly damaged, not because it was a standard .25 caliber weapon which "automatically discharged."

> Although a defendant is entitled to a thorough and sifting cross-examination as to all relevant issues, the trial court, in determining the scope of relevant cross-examination, has a broad discretion. Generally speaking, the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way and to whatever extent[ ] the defense might wish.[6]

Here, the trial court did not abuse its discretion in sustaining objections to the questions about which Smith complains. Accordingly, this enumeration of error is without merit.

3. Smith claims that the trial court erred in permitting the victim to display the injuries he sustained as a result of the aggravated assault because such was unduly prejudicial. We do not agree. "We

---

[5] *Brooks v. State*, 224 Ga. App. 829, 831 (2) (482 SE2d 725) (1997).

[6] (Citations and punctuation omitted.) *Kolokouris v. State*, 271 Ga. 597, 600 (4) (523 SE2d 311) (1999).

note the appellant's objections were directed only to prejudice and not admissibility, and therefore the issue is one of relevancy. The injuries sustained in an aggravated assault are relevant to that assault and therefore admissible."[7] Accordingly, this claim of error is without merit.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 28, 2000.

*Theresa A. Hood*, for appellant.
*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney*, for appellee.

---

[7] *Sprouse v. State*, 242 Ga. 831, 833 (3) (252 SE2d 173) (1979); *Prayor v. State*, 217 Ga. App. 56, 58 (4) (456 SE2d 664) (1995); *Cail v. State*, 194 Ga. App. 584, 585 (1) (391 SE2d 444) (1990).