A02A0032. REDDINGS v. THE STATE.
(565 SE2d 850)

JOHNSON, Presiding Judge.

A jury found Michael Reddings guilty of entering an automobile and obstruction of an officer with violence. Reddings appeals, alleging the state failed to prove venue, there was a fatal variance in one count of the indictment and the evidence at trial, and there was insufficient evidence to find him guilty of obstruction of a law enforcement officer with violence. Because each of these enumerations of error lacks merit, we affirm Reddings' convictions.

Viewed in a light most favorable to support the verdict, the evidence shows that Brunswick police received a telephone call reporting a male breaking the windows of cars in the parking lot of the Howard Johnson motel on Highway 17. Upon arrival, an officer saw Reddings sitting inside a Cadillac with a broken window. Recognizing Reddings, the officer asked Reddings why he was inside the car. Reddings got out of the Cadillac, walked to his Bonneville, and tried to drive away, speeding through the parking lot without giving the officer any explanation. After crashing into an officer's patrol car, Reddings jumped out of his car and ran across Highway 17.

Officers caught Reddings and attempted to handcuff him, but he struggled wildly. Reddings stated, "this guy owes me money" and said that some man still had his gold chain. While resisting arrest, Reddings kicked an officer attempting to hold his legs. At trial, Reddings denied that he kicked anybody, but testified that he apologized after being told he had kicked an officer.

The owner of the Cadillac testified that he did not give Reddings permission to break the rear window and enter his car. However, evidence at trial showed that the Cadillac owner was in possession of a gold chain necklace that Reddings had given to him as collateral for a loan. Although Reddings had not repaid the Cadillac owner for the loan, Reddings testified that he felt he was entitled to break into the Cadillac and find the necklace.

1. In his first enumeration of error, Reddings contends that the state failed to prove venue beyond a reasonable doubt. The record, however, shows that venue was proven beyond a reasonable doubt. During the trial, an officer detailed Reddings' rapid drive through the Howard Johnson parking lot. The officer was then asked, "Is this in Glynn County?" and the officer responded, "Yes, ma'am." Reddings' contention that the pronoun "this" did not clearly refer to the Howard

Johnson motel is belied from a review of the record. Clearly, the motel and its surroundings are the only possible antecedent for the pronoun "this." This enumeration of error lacks merit.

2. Reddings asserts there was a fatal variance between Count 5 of the indictment and the evidence adduced at trial. While we find that a variance did occur, this variance was not fatal to the state's case.

Count 5 of the indictment alleged that Reddings violently obstructed the officer by kicking the officer in the shins. However, the state concedes that the evidence at trial showed that the officer had been kicked in the thigh. Reddings claims that the words shin and thigh are not sufficiently alike and, therefore, he was not definitely advised of the charge against him and is not protected against future prosecution for the same offense. We disagree.

"The true inquiry is not whether there has been a variance in proof, but whether there has been such a variance as to affect the substantial rights of the accused."[1] Here, we do not find the difference between a shin and a thigh to be a fatal variance affecting Reddings' substantial rights. Reddings knew he was being charged with kicking a police officer in the leg. We cannot conceive that the discrepancy caused Reddings such surprise that it affected his trial strategy and preparation.

Likewise, the difference between a shin and a thigh in this case does not expose Reddings to future prosecution for the same offense. It is well established that if several crimes arising from the same conduct are known to the proper prosecuting officer at the time prosecution is commenced and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution.[2] Kicking the officer in the shins arises from the same conduct as kicking the officer in the thigh. Moreover, the action of obstruction of a law enforcement officer with violence arises out of the same conduct as all the other counts of the indictment which were disposed of at trial. Because no substantial rights of Reddings were affected, the variance was not fatal to the state's case.

3. Reddings next contends that the evidence is insufficient to support his conviction of felony obstruction of a law enforcement officer. We disagree.

To commit the offense of felony obstruction of an officer, a person must knowingly and wilfully resist, obstruct, or oppose any law enforcement officer in the lawful discharge of his official duties, by

[1] (Citation and punctuation omitted.) *Mathis v. State*, 194 Ga. App. 498, 499 (2) (391 SE2d 130) (1990).

[2] OCGA § 16-1-7 (b); *Smith v. State*, 190 Ga. App. 246 (378 SE2d 493) (1989).

either offering to do violence to or doing violence to the officer.[3] In the present case, Reddings argues that while he did attempt to elude police officers and did struggle against the officers, he did not know the officer he kicked was behind him and he did not intentionally kick the officer. The state, however, presented evidence that showed Reddings knew what he was doing when he kicked the officer.

On appeal, this Court determines evidence sufficiency; we do not weigh the evidence or determine witness credibility.[4] Instead, we review the evidence presented at trial in the light most favorable to support the jury's verdict and determine whether this evidence is sufficient to authorize a rational trier of fact to find Reddings guilty of each element of the charged offense beyond a reasonable doubt.[5] The jury, in assessing the weight of evidence against Reddings and in assessing his credibility, chose not to believe Reddings' testimony. This credibility determination rightfully belongs to the jury. The evidence was sufficient to enable a rational trier of fact to find Reddings guilty beyond a reasonable doubt of felony obstruction.[6]

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED MAY 22, 2002.

*Patrick C. Kaufman*, for appellant.

*Stephen D. Kelley, District Attorney, Ann S. Williams, Assistant District Attorney*, for appellee.

---

[3] OCGA § 16-10-24 (b).
[4] *Shaw v. State*, 247 Ga. App. 867, 869 (2) (545 SE2d 399) (2001).
[5] *Arnold v. State*, 249 Ga. App. 156 (1) (545 SE2d 312) (2001).
[6] See *Cook v. State*, 235 Ga. App. 104, 105 (1) (508 SE2d 473) (1998).