A03A1573. CADE v. THE STATE.
(585 SE2d 172)

ELDRIDGE, Judge.

Toxi E. Cade is currently charged with the offense of forgery in the first degree (four counts) in Cobb County. Cade appeals from the denial of her plea in bar of double jeopardy contending that the Cobb County prosecution is barred by her previous guilty plea in Fulton County to theft by taking, which arose from the same facts. We find that the Cobb County prosecution is not barred by double jeopardy and affirm.

From the record, we are able to ascertain the following facts. Cade was employed by the offices of the Department of Medical Benefits through the State of Georgia in Atlanta, Fulton County. In her employment, Cade was responsible for a holding account set up to reimburse medical providers and individuals for monies spent on Medicaid and insurance claims. Specifically, medical bills were paid by the Department of Medical Assistance, and the department was reimbursed by the insurance companies. Cade was responsible for writing refund checks to medical providers and to individuals for third-party liability refunds. After writing each check, Cade would submit it to one of several supervisors for approval.

During an audit of the account, it was found that checks had been written by Cade for which there was no underlying documentation. Upon request, Cade was unable to provide documentation to validate such checks, and an investigation ensued which resulted in an arrest warrant being issued against her in Fulton County for theft by taking. The affidavit upon which the arrest warrant was based alleged that between March 8, 1993, and July 28, 1994, Cade had unlawfully appropriated in excess of $80,000 of State of Georgia funds by writing twenty-five fraudulent checks, each of which exceeded $500, to three co-conspirators. The affidavit further alleged

that each of the checks was written in Fulton County. On January 24, 1995, Cade was indicted in Fulton County for theft by taking $80,000 in money from the State of Georgia Department of Medical Assistance. Cade entered a guilty plea on this indictment on February 14, 1997,[1] and received one year to serve, commuted to time served.

On March 30, 1995, Cade and her sister Nona Vania Cade were indicted in Cobb County for four counts of forgery in the first degree for State of Georgia Department of Medical Benefits check numbers 3665, 3676, 3802, and 4065, in the amounts of $3,521.69, $3,965.21, $4,825.34, and $3,811.11, respectively.[2] Each of four identified checks was cashed in Cobb County. On November 4, 1999, Cade and Nona Vania Cade were reindicted in Cobb County for the same offenses. The November 4, 1999 indictment included an additional charge of theft by taking against Cade's husband, John Henry Cade, for a separate check on the same account. *Held*:

1. Cade argues that the Cobb County indictment for forgery in the first degree violates OCGA § 16-1-8 (b) (1). We disagree.

OCGA § 16-1-8 (b) (1)

> provides that a prosecution is barred if the accused was formerly prosecuted for a different crime . . . if such former prosecution: (1) resulted in either a conviction or acquittal and: (i) the subsequent prosecution is for a crime of which the accused could have been convicted on the former prosecution; or (ii) is for a crime with which the accused should have been charged on the former prosecution (unless the court ordered a separate trial of such charge); or (iii) is for a crime which involves the same conduct, unless (A) each prosecution requires proof of a fact not required on the other prosecution or (B) the crime was not consummated when the former trial began.

(Citation and punctuation omitted.) *Cates v. State*, 206 Ga. App. 694, 695-696 (426 SE2d 576) (1992).

(a) There is no bar under subparts (i) and (ii) because the charged offenses of forgery in the first degree were not completed

---

[1] A copy of the transcript of the guilty plea was not made part of the record on appeal. While we are unable to ascertain from the record that Cade's guilty plea was to the entire amount of money alleged in the indictment, the State admits in its brief that Cade pled guilty in Fulton County to taking $80,000, which included the four checks allegedly uttered in Cobb County.

[2] The indictment alleged that Cade with the intent to defraud did unlawfully and knowingly possess each of the four identified checks each of which was "made payable to Runda Wideman, in such a manner that the writing as made purported to have been made by authority of Marjorie Smith and Runda Wideman, who did not give such authority and did utter and deliver said writing."

until Cade uttered and delivered the four checks in Cobb County. See *Hudson v. State*, 188 Ga. App. 684, 689 (2) (374 SE2d 212) (1988) (uttering or delivering the writing is an essential element of forgery in the first degree). Thus, Cade could not have been charged with and prosecuted in Fulton County for these offenses. Venue for the forgery in the first degree charges lies in Cobb County, where the checks were uttered. See *Howard v. State*, 181 Ga. App. 187, 193 (351 SE2d 550) (1986) (Beasley, J., concurring in part and dissenting in part) ("In a first degree forgery prosecution, venue lies in the county where the instrument is uttered.").

Further, as venue for the forgery in the first degree offenses and theft by taking offense is in separate counties, OCGA § 16-1-7 (b), prohibiting multiple prosecutions for crimes arising from the same conduct which are known to the proper prosecutor and are within the jurisdiction of a single court, would not bar Cade's trial on the forgery in the first degree charges.

(b) Additionally, there is no bar under subpart (iii) in that the Cobb County prosecution of Cade for forgery in the first degree and the Fulton County prosecution for theft by taking each requires proof of a fact not required by the other. To prove the theft by taking offense, the Fulton County prosecutor had to prove that Cade unlawfully took $80,000, which was the property of the State of Georgia Department of Medical Assistance, with the intent of depriving said owner of that property. See *Green v. State*, 223 Ga. App. 467, 468 (1) (477 SE2d 895) (1996) ("[T]heft by taking requires proof of (1) an unlawful taking of the property of another (2) with the intent of depriving him of it. OCGA § 16-8-2."). However, to prove the Cobb County forgery in the first degree offenses, the prosecutor would have to prove that Cade (1) with an intent to defraud, (2) unlawfully and knowingly possessed the four identified checks, (3) made payable to Runda Wideman, in such a manner that the writing as made purported to have been made by the authority of Marjorie Smith and Runda Wideman who did not give such authority, and (4) uttered and delivered said checks. See OCGA § 16-9-1 (a); *McClure v. State*, 234 Ga. App. 304-305 (506 SE2d 667) (1998) (elements of forgery in the first degree).

Thus, the Fulton County theft by taking required proof that Cade unlawfully took property of the State of Georgia Department of Medical Assistance; the Cobb County case did not. See *Heard v. State*, 181 Ga. App. 803 (2) (354 SE2d 11) (1987) (forgery in the first degree does not contain a requirement of pecuniary damage; it only requires an intent to defraud coupled with the possession of an altered writing and delivery thereof). Further, the Fulton County theft by taking did not require proof of uttering or delivery of the four

checks, as required by the Cobb County forgery case. See generally *Jordan v. State*, 242 Ga. App. 547, 548-549 (1) (528 SE2d 858) (2000).

2. Finally, prosecution of the forgery in the first degree charges is not barred by double jeopardy under OCGA §§ 16-1-6 and 16-1-7 (a) as neither theft by taking nor forgery in the first degree is a lesser included offense of the other. As stated in Division 1, supra, each crime requires proof of facts not required by the other.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JULY 8, 2003.

*John R. Greco*, for appellant.

*Patrick H. Head, District Attorney, Andrew J. Saliba, Amelia G. Pray, Assistant District Attorneys*, for appellee.