A04A1927. WARD v. THE STATE.
(606 SE2d 877)

JOHNSON, Presiding Judge.

Demario Ward was charged with theft by receiving a stolen motor vehicle and fleeing or attempting to elude police officers. He was tried before a Fulton County jury, which found him guilty of fleeing or attempting to elude, but not guilty of theft by receiving. Ward appeals, challenging the sufficiency of the evidence establishing venue in Fulton County. The challenge is without merit, and we therefore affirm his conviction.

---

[9] Id.
[10] *Milam*, supra.
[11] *Collins v. State*, 229 Ga. App. 210, 211 (1) (b) (493 SE2d 592) (1997).

Venue for the trial of a criminal case lies in the county where the crime was allegedly committed.[1] Venue is a jurisdictional fact which, like all other material allegations, must be proved by the state beyond a reasonable doubt.[2] Both direct and circumstantial evidence may establish venue.[3]

In the instant case, an Atlanta police officer testified that he was in his marked patrol vehicle when he first saw Ward in a stolen Ford Escape at the intersection of Ashby Street and Martin Luther King, Jr. Boulevard. He testified that the intersection is in Atlanta and within Fulton County. He immediately began following the vehicle and called for backup units to assist him. The officer also activated a video camera in his car and taped his pursuit of Ward.

After about two minutes of following Ward, the officer attempted to stop him by pulling alongside him while two other police cars also tried to contain him. But Ward drove onto a sidewalk, went around one of the police cars and sped away. The officer continued to chase Ward for eight minutes, during which Ward ran through several red stop lights and reached speeds of approximately 80 miles per hour. When the officer attempted to make a turn at the intersection of Pine Street and Parkway Drive, his brakes failed and the police car ran up onto a curb and hit a light pole.

Officers in a police helicopter and other police cars continued the chase, and a short distance later Ward drove the Ford Escape into a pole at the intersection of Boulevard and Winston Terrace. He got out of the vehicle and fled on foot. He was quickly caught by officers near Boulevard. The officer who took Ward into custody and the officer who had initiated the pursuit of Ward both testified that the Boulevard site where Ward was apprehended is in Atlanta and within Fulton County.

As with all other essential elements of a crime, weighing the evidence of venue is a function of the jury, not of this court.[4] Rather than weighing evidence or judging the credibility of witnesses, our function is to review the evidence in the light most favorable to the verdict and to determine if there is sufficient evidence to support the verdict beyond a reasonable doubt.[5] Having reviewed the evidence in this light, we find sufficient evidence supporting the jury finding that the state proved venue in Fulton County beyond a reasonable doubt.[6]

---

[1] *Jones v. State*, 272 Ga. 900, 901 (2) (537 SE2d 80) (2000); *Jordan v. State*, 242 Ga. App. 547, 549 (2) (528 SE2d 858) (2000).

[2] *Jones*, supra; *Jordan*, supra.

[3] *Bruce v. State*, 252 Ga. App. 494, 498 (1) (b) (555 SE2d 819) (2001); *Jordan*, supra.

[4] *Bruce*, supra.

[5] Id. at 496 (1); *Pettus v. State*, 237 Ga. App. 143 (1) (514 SE2d 901) (1999).

[6] See *Reddings v. State*, 255 Ga. App. 483-484 (1) (565 SE2d 850) (2002).

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 12, 2004.

*Steven E. Phillips*, for appellant.
*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.