## A10A1434. REED v. THE STATE.

(700 SE2d 615)

PHIPPS, Presiding Judge.

Following a jury trial, Abraham Uriah Reed was convicted of two counts of armed robbery. He contends that the evidence was insufficient to support his convictions and that the trial court erred in allowing the jury, during its deliberations, to rehear portions of witness testimony. Finding no merit in these contentions, we affirm.

1. Reed challenges the sufficiency of the evidence. Viewed in the light most favorable to the verdict,[1] the evidence showed that on April 22, 2007, a masked man entered a convenience store, pointed a gun at an employee, ordered the employee to give him money from the cash register, took the money, and ran away. During the course of the robbery, the man's mask came off, and the employee recognized him as a prior customer of the store. The incident was captured on the store's video surveillance camera.

On April 27, 2007, a man entered a different convenience store and went into the restroom. The store owner, who was present at the time, recognized the man as a customer who had been coming to the store several times a week during the previous few months. The man left the store and returned shortly thereafter wearing a bandana across his mouth and waving a gun. The man ordered the owner to

---

[1] See *Rankin v. State,* 278 Ga. 704, 705 (606 SE2d 269) (2004).

give him money, took the money, and ran out of the store. The incident was captured on the store's video surveillance camera.

Each victim provided a description of the robber to the police. One victim also worked with a forensic artist, who produced a sketch of the robber that was published in a local newspaper. Later, law enforcement officers found in Reed's bedroom clothing similar to that worn by the perpetrator of one of the robberies, and they found under his mattress a newspaper folded open to the forensic artist's published sketch of the robber.

Both victims were shown a photographic array, from which they identified Reed as the person who robbed them. At trial, both victims also identified Reed as the perpetrator.

Reed challenges the reliability and credibility of the victims' testimony identifying him as the robber. "Judgments regarding the credibility of witnesses or the weight to be given evidence are strictly within the province of the jury and are beyond the scope of this Court's review."[2] Instead, "the relevant question is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[3] The testimony of a single witness is generally sufficient to establish a fact.[4] The testimony of the victims that Reed forced them at gunpoint to give him money from the cash registers was sufficient to authorize the jury's verdict of guilty beyond a reasonable doubt on the two counts of armed robbery.[5]

2. Reed contends that the trial court erred when it allowed the jury during deliberations to rehear portions of the victims' testimony identifying Reed as the perpetrator of the robberies. The court allowed this at the jury's request and over Reed's objection.

> Whether to allow the jury to rehear requested parts of the evidence is a matter within the discretion of the trial court. In order to demonstrate an abuse of the trial court's discretion, [Reed] must show that there are special circumstances that would make it unjust to allow the jury to revisit the evidence.[6]

---

[2] *Smith v. State*, 246 Ga. App. 191, 192 (1) (539 SE2d 881) (2000) (footnote omitted).

[3] Id. (punctuation and footnote omitted); see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] OCGA § 24-4-8.

[5] See OCGA § 16-8-41 (a) (providing in pertinent part that a person commits armed robbery when, with intent to commit theft, he takes property of another from that person or the immediate presence of another by use of an offensive weapon).

[6] *Turner v. State*, 275 Ga. 343, 345-346 (3) (566 SE2d 676) (2002) (citations and punctuation omitted).

Reed argues that the court abused its discretion because it allowed the jury to rehear only the witnesses' direct testimony identifying him as the robber, rather than the entire direct examinations and cross-examinations of the witnesses.

The Supreme Court of Georgia has rejected this argument, holding that "the jury should be permitted to limit what they rehear to what they desire to rehear, absent special circumstances which might work an injustice."[7] It has further held that where, on cross-examination, a witness "remained steadfast in her identification of [the defendant, no] special circumstances appear . . . requiring the cross examination to be replayed."[8] In this case, on cross-examination neither witness changed his testimony identifying Reed as the robber, and Reed has alleged no other special circumstance that would have required the witnesses' entire testimony to be replayed. We find no abuse of the trial court's discretion.[9]

*Judgment affirmed. Miller, C. J., and Johnson, J., concur.*

DECIDED AUGUST 19, 2010.

*Chlora Lindley-Myers*, for appellant.
*Scott L. Ballard, District Attorney, Robert W. Smith, Jr., Assistant District Attorney*, for appellee.

---

[7] *Byrd v. State*, 237 Ga. 781, 783 (1) (229 SE2d 631) (1976).

[8] Id. (citation omitted).

[9] See id.; *Barrett v. State*, 192 Ga. App. 705, 706-707 (3) (385 SE2d 785) (1989) (finding no abuse of discretion in allowing jury to rehear portions of witness's direct examination testimony, where no inconsistency appeared between that testimony and the witness's testimony on cross-examination).