### 5457.  MOODY *v.* THE STATE.

1. The city court of St. Marys is an inferior judicatory whose final judgments may be reviewed by the superior court upon certiorari; and this remedy may be invoked either without first moving for a new trial or after an incipient motion for a new trial has been abandoned.

2. A motion for a new trial must be treated as having been abandoned when the movant has done nothing more than to obtain a rule nisi, naming a date in future for a hearing, and requiring that the motion and a brief of the evidence (thereafter to be prepared) be served upon the opposite party prior to the date fixed for the hearing, and has permitted the date set for the hearing to pass without any further action on his part, not even requesting an extension of time.  Especially must such a motion be treated as abandoned when it appears that the motion was not filed, and the opposite party was never served, and did not waive service, and that no effort was made to comply with the court's requirement as to service of a brief of the evidence before the time set for the hearing, and that in fact no brief of the evidence was ever prepared or filed.

3. The petition for certiorari having been presented and sanctioned within the time prescribed by law, it was error to dismiss it because of an abortive effort to move for a new trial, which was plainly functus officio and which did not in anywise affect the finality of the judgment of the city court at the time the certiorari was sanctioned.

4. In misdemeanors all are principals, and one who in any way aids or abets the commission of the offense may be convicted as a principal.

(a) One who rents a house to another with the knowledge that the latter intends to use it for the illegal sale or storage of intoxicating liquors is an accessory, aiding and abetting in the commission of this offense, and therefore may be convicted of this misdemeanor as a principal, but it is for the jury alone, and not the court, to determine whether certain facts constitute criminal negligence; and for that reason it was error to charge the jury that if the defendant, when he rented his house, had an opportunity to know that the person to whom he rented it intended to use it for the illegal sale or keeping of liquors, he would be guilty.

5. The court erred in not sustaining the certiorari.

                          DECIDED APRIL 30, 1914.

Certiorari; from Camden superior court—Judge Conyers. December 20, 1913.

*Thomas & Gibbs,* for plaintiff in error.

*J. H. Thomas, solicitor-general,* contra.

RUSSELL, C. J. The defendant was convicted of a misdemeanor, in the city court of St. Marys. Before the adjournment of the court he applied for and obtained, on May 12, 1913, a rule nisi calling upon the solicitor of that court to show cause why a motion for a new trial, based upon the usual statutory grounds, should not be granted. The court at the same time passed an additional order, setting the hearing of the motion for a new trial on June 9, 1913, in vacation, and providing for the preservation of the motion in various contingencies, but expressly requiring the movant to serve the solicitor with a copy of the brief of evidence by June 1, 1913. It does not appear that the motion was ever filed or served upon the solicitor of the city court; and, so far as appears from the record, no brief of evidence was ever prepared or served upon the solicitor. Nothing was ever done, except to procure, on May 12, the two orders to which we have referred. On June 10 the defendant presented for sanction his petition for certiorari to the superior court of Camden county, and it was sanctioned. The petition contains various assignments of error. The judge of the city court made answer to the writ of certiorari, and, on the hearing, the certiorari was dismissed by the judge of the superior court. In the bill of exceptions error is assigned upon the judgment dismissing the certiorari.

1. The certiorari could not properly have been dismissed upon the ground that that mode of procedure was not available to the petitioner. The writ of certiorari is a constitutional right which is always available to review, in the superior court, the judgments of inferior judicatories. *Stewart* v. *State,* 9 *Ga.* 202 (25 S. E. 424). The review by certiorari of alleged errors may be invoked without moving for a new trial, or a certiorari may be sued out after the motion for new trial (if one has been made) has been finally disposed of in the trial court,—for in the latter case it is only essential that the petition be presented within the time prescribed by law. In *Roach* v. *Sulter,* 54 *Ga.* 458, the Supreme Court held that "the complaining party could still apply for and obtain a certiorari to the superior court, if applied for within the time provided by law,

and protect his right therein," even after there had been not only a motion for a new trial but a bill of exceptions to the Supreme Court, the latter having been dismissed. In the present case the alleged motion was not even filed; and even if it had been filed, and if it had been thereafter dismissed for any reason, the defendant would not have been deprived of his right to certiorari. *Archie* v. *State,* 99 *Ga.* 25 (25 S. E. 612). In a word, it is perfectly plain that this defendant would have been entitled to maintain his certiorari if he had made a motion for a new trial and it had been overruled, or if a formal order had been entered dismissing the motion for want of prosecution; and we think the right to proceed by certiorari is equally clear when it is made plain that the idea of moving for a new trial has been unconditionally abandoned, or for any reason the rule nisi is functus officio, and for that reason the trial court no longer possesses jurisdiction to deal with the matter. So long as the trial court has jurisdiction of the cause, review by certiorari is not available; but when the case can no longer be litigated in the lower court, because its judgment is final, this right is available.

2. In the present case the plaintiff in error makes the point that the application for a rule nisi, the order of the judge of the city court requiring service of the brief of evidence upon State's counsel, and the rule nisi are not properly in the record, and could not properly have been considered by the judge of the superior court in passing upon the certiorari. We can not concur in this view, for we think it is proper for the judge of a city court, in sending up copies of the proceedings, to include a copy of every part of the proceeding in the case in his court; and if it appeared in any case that the jurisdiction of the lower court had not been lost or exhausted by a final adjudication, the certiorari would be premature. But in our view of this case, the judge of the city court erred in assuming that the city court of St. Marys had not lost jurisdiction. If that part of the record which relates to the abortive attempt to move for a new trial was sent up for no other purpose than that of annihilating the certiorari, it bears upon its face its own death-wounds. Before the State can deprive a petitioner for certiorari of his constitutional right to this method of review, it must be made affirmatively to appear either that the time within which the remedy must be applied for had expired before the petition was presented, or that the petitioner had elected to seek for a review in the lower

court and that the lower court could grant a review. In the present case, it is true, the record does not disclose a formal order dismissing the motion for a new trial. However, none was necessary, for if the defendant had attempted, on June 10, 1913, to prosecute his motion for a new trial, he would have been informed (if he did not already know it) that his motion was a corpse so dead that no resurrective known to the law could possibly revive it. It was in fact never a motion for a new trial—in a strict sense; for, according to the record, it was never served upon the opposite party; no brief of evidence was ever prepared, and no such brief of evidence was served upon the opposite party within the time fixed by the court. The failure to file the motion, to serve it, to prepare a brief of the evidence,—either would absolutely have required the dismissal of the motion. It must be presumed that the movant, in common with all of his fellow citizens, knows the law. The only reasonable inference which we think can be indulged is that the motion was abandoned. Especially does this appear to be the fact since the defendant procured the sanction of a certiorari the very day after the motion would have become irretrievably defunct. A motion for a new trial must be treated as having been abandoned when the alleged movant has done nothing more than obtain a rule nisi, naming a date in future for a hearing, and requiring that the motion and a brief of the evidence (thereafter to be prepared) be served upon the opposite party prior to the date fixed for the hearing, and has permitted the date set for the hearing to pass without any further action upon his part, not even requesting an extension of time. Especially must such a motion be treated as abandoned when it appears that it was not filed, and that the opposite party was never served and did not waive the service, and that no effort was made to comply with the court's requirement as to service of a brief of the evidence before the time set for the hearing, and that no brief of the evidence was ever prepared or filed.

3. The petition for certiorari having been presented and sanctioned within the time prescribed by law, it was error to dismiss it because of an abortive attempt to move for a new trial, which was plainly functus officio and which did not in anywise affect the finality of the judgment of the city court at the time the certiorari was sanctioned.

4. We think the court should have sustained the certiorari. It

is true there is evidence which would have authorized the conviction of the accused if the jury had been properly instructed upon the law applicable to the evidence which showed the defendant's connection with the alleged offense; but the judge of the city court erred in instructing the jury that the defendant would be guilty if he had any opportunity of knowing that another person was going to commit a crime, unless he prevented it. The law does not impose such degree of criminal liability. One may know that another is going to commit a crime, or is in fact committing it, and still, if he does not in any way participate in or further the criminal undertaking, he is not punishable merely because he does not himself specially undertake to prevent the commission of the crime. It is not knowledge of the offense, but participation in the criminal act, which renders one guilty of crime. In misdemeanors all are principals, and one who in any way aids or abets the commission of the offense may be convicted as a principal.

One who rents a house to another with the knowledge that the latter intends to use it for the illegal sale or storage of intoxicating liquors is an accessory aiding and abetting in the commission of this offense, and therefore may be convicted of this misdemeanor as a principal; but it is for the jury alone, and not for the court, to determine whether or not certain facts constitute criminal negligence; and for that reason it was error to charge the jury that if they believed that the defendant, when he rented his house, had an opportunity to know that the person to whom he rented it intended to use it for the illegal sale or keeping of liquors, he would be guilty.                    *Judgment reversed. Roan, J., absent.*