*District Attorney,* for appellee.

### 62015. JOHNSON v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was convicted of armed robbery. He enumerates as error the trial court's failure to exclude from jury consideration the in-court identification of appellant by the victim and contends that defense counsel at trial did not render effective assistance of counsel.

1. The basis for appellant's argument that the identification should have been suppressed was that the victim-witness was not willing to swear that he was perfectly sure of his identification. He did, however, identify appellant and appellant's co-defendant and appellant's car. Under those circumstances, the question of the accuracy of the identification was one for the jury. *Wimberly v. State,* 233 Ga. 386 (211 SE2d 281).

2. Appellant's contention that he was denied effective assistance of counsel is predicated on counsel's failure to secure the suppression of the identification testimony or to object to the admission of that testimony. Our review of the record reveals no basis whatever for excluding the identification testimony. It necessarily follows that counsel's failure to make a useless and incorrect objection was not ineffective assistance of counsel. Appellant received the reasonably effective assistance to which he is constitutionally entitled. *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED JULY 16, 1981.

*C. B. King,* for appellant.

*Dupont Cheney, District Attorney, Kenneth R. Carswell, C. Paul Rose, Assistant District Attorneys,* for appellee.