A96A1019. WYATT v. THE STATE.
(475 SE2d 651)

Judge Harold R. Banke.

An Emanuel County jury convicted Robert Lyndon Wyatt on charges of child molestation, aggravated child molestation, aggra-

vated sodomy, and incest against his five-year-old daughter. He appeals from the trial court's judgment, which included two concurrent life sentences.

1. The trial court did not err by prohibiting defense counsel from asking Sonya Wyatt, the defendant's wife, about any plea offer she had received from the State. Ms. Wyatt was indicted along with her husband but refused all plea offers and sought to testify against him. Shortly before trial, the State dismissed the charges against Ms. Wyatt, stating that dismissing these charges would allow her to testify at trial. Although defense counsel argued to the trial judge that the State would not re-indict her if she testified favorably at her husband's trial, both the assistant district attorney and Wyatt's counsel agreed the State had made no deals with Ms. Wyatt at the time she gave her testimony in this case. Considering that both sides agreed no plea offers or agreements existed at the time of trial, the lower court did not err by preventing defense counsel from asking Ms. Wyatt about any plea arrangements or deals. *Watkins v. State*, 264 Ga. 657, 659-660 (1) (449 SE2d 834) (1994); see also *Beam v. State*, 265 Ga. 853, 855-856 (3) (463 SE2d 347) (1995).

Even though the trial court properly sustained the State's objection to Wyatt's question about plea arrangements, he was entitled to cross-examine Ms. Wyatt as to whether, even in the absence of a "deal," she "entertained any belief of personal benefit from testifying favorably for the prosecution." (Citations and punctuation omitted.) *Watkins*, 264 Ga. at 660. But it appears from the record that Wyatt's counsel made no further effort to inquire into the witness's reasons for testifying. Id.

Even if we were to take the court's action in sustaining the objection to mean the court cut off all inquiry in this area, we would find no harmful error. The overwhelming evidence against Wyatt came from four adult witnesses who related his daughter's statements regarding his molestation of her, a physician who testified regarding the child's abnormally lax hymen, and a psychologist who testified the child scored high on tests showing her as a probable victim of sexual abuse. Ms. Wyatt denied knowing of any sexual abuse of her child and, over objection, identified pornographic magazines which she had found stored with belongings from her home. On cross-examination, she admitted she had actually never seen these magazines in her home. Under these circumstances, any error the trial court made in cutting off inquiry into her motives for testifying was harmless beyond a reasonable doubt. *Byrd v. State*, 262 Ga. 426, 428 (2) (420 SE2d 748) (1992).

2. The trial court erred, however, in failing to merge for conviction and sentencing Counts 1 and 2 of the indictment. OCGA § 16-1-7. Count 1 charged aggravated child molestation based upon an act of

sodomy involving Wyatt's sex organs and the child's mouth. Count 2, aggravated sodomy, charged that Wyatt placed his sexual organs in his daughter's mouth against her will. A thorough review of the record reveals no evidence that this type of oral sodomy act occurred more than once. Because this single act went to prove the aggravated sodomy charge, that proof "used up" the evidentiary basis for the charge of aggravated child molestation. See *Head v. State*, 202 Ga. App. 209, 210 (2) (413 SE2d 533) (1991). Thus, we must find the charge of aggravated child molestation merged into the charge of aggravated sodomy as a matter of fact, reverse Wyatt's conviction and sentence on Count 1 of the indictment and remand to the trial court for resentencing. *Horne v. State*, 192 Ga. App. 528, 533 (6) (385 SE2d 704) (1989); *LaPalme v. State*, 169 Ga. App. 540 (1) (313 SE2d 729) (1984).

3. Wyatt's similar argument concerning Counts 5 and 6 of the indictment also has merit. Count 6 charged Wyatt with aggravated sodomy based upon an act of oral sodomy involving Wyatt's mouth against his daughter's sex organs. Count 5 charged him with child molestation based on an act of "oral sex, to [the child]." The State proved only one such act, and it used those facts to prove the aggravated sodomy charge. We must, therefore, find the child molestation count merged into the aggravated sodomy count and reverse Wyatt's conviction and sentence on Count 5 of the indictment and remand to the trial court for resentencing. *Horne*, supra.

*Judgment affirmed in part, reversed in part and remanded to the trial court for resentencing. Beasley, C. J., and Blackburn, J., concur.*

DECIDED AUGUST 7, 1996 —
RECONSIDERATION DENIED AUGUST 27, 1996.

*Edwin A. Smith*, for appellant.
*Richard A. Malone, District Attorney, Anne L. Durden, Assistant District Attorney*, for appellee.