## A98A0553. BIERRIA v. THE STATE.
(502 SE2d 542)

ANDREWS, Chief Judge.

Gregory Bierria appeals from the judgment entered after a jury found him guilty of aggravated assault, mutiny in a penal institution, and battery. Bierria brings 15 enumerations of error, among

which are his claims that the evidence was insufficient to support the verdicts of aggravated assault and mutiny.

The evidence at trial, taken in the light most favorable to the verdict, was that Bierria, a prisoner in the Clayton County jail, was taken on the day in question to the infirmary for routine medical testing. Jean Danison, a nurse on duty in the infirmary that day, testified that she was doing physicals and taking medical histories of the prisoners. When Bierria was brought in, she drew blood from him and gave him a tuberculosis test. Bierria did not resist while Danison performed the tests. After she finished giving him the tuberculosis test, Bierria asked her if she was finished. She replied that she was, whereupon Bierria cursed her and began punching her in the eye and on the head. Danison said Bierria then went after the other infirmary nurse and that was all she remembered until she was in an ambulance going to the hospital. Danison suffered bruises and contusions to her left eye and a bump on the head.

Phyllis White, the nurse who took Bierria's vital signs and gave him forms to fill out prior to undergoing the blood and TB tests said Bierria never indicated any unwillingness to take the tests and was cooperative in filling out the forms and having his weight, height and blood pressure taken. But, after Bierria hit Danison, he turned on White, cursed her, and began hitting her on the head. She said he threw her across the room and then came after her and began beating her head on the floor and on a bench. Nurse White said Deputy Erlitz pulled Bierria off her and she saw Bierria beating him in the face. When she saw Bierria pick up a chair, she crawled under a desk and hid. White testified that as a result of the beating, she had a ruptured disc, a concussion, and was still having migraine headaches. She also stated that she was undergoing tests for a possible closed head injury.

Bill Erlitz, the Sheriff's deputy on duty in the infirmary that day testified that when he saw Bierria hitting Nurse Danison, he got up and ran around a counter to help her. By the time he got to her, Erlitz said Bierria had attacked Nurse White and was banging her head on the floor. Erlitz testified that when he pulled Bierria off Nurse White, Bierria hit him in the face. Both Bierria and Erlitz fell to the floor, with Bierria falling on top and trying to gouge Erlitz's eyes out.

Erlitz said that while he was lying on the floor, he saw Shawn Williams, the trustee, come running across the infirmary to help him. At that point, Bierria got up, grabbed a chair and began swinging it over his head. Erlitz put his hands up to protect himself and Bierria hit him on the hand with the chair.

Erlitz said he saw the trustee run out of the infirmary with Bierria behind him, swinging the chair. Erlitz ran after Bierria and, with the help of several other deputies, finally subdued him.

Shawn Williams, the trustee, testified that he first realized something was wrong when he saw Bierria beating Nurse White's head against the bench and the floor. Williams said he saw Erlitz going to help Nurse White so he ran outside and hollered for help. When he went back into the infirmary he saw Bierria on top of Deputy Erlitz and ran at him and knocked him off the deputy. Williams looked at Erlitz to see if he was all right and when he turned around, saw Bierria coming toward him with a chair. Williams said he ran out of the infirmary with Bierria chasing him. Bierria threw the chair at him, but it did not hit Williams. Williams ran down one hallway and Bierria turned and ran in a different direction.

Karen Reid, another employee who was in the infirmary at the time, testified that she saw Bierria hit Nurse Danison, saw him throw Nurse White across the room and begin beating her head on the floor and bench and saw him hit Deputy Erlitz. At that point, she called to Shawn Williams for help. She said after Shawn knocked Bierria off Deputy Erlitz, Bierria picked up a chair and left the room following Shawn Williams. Another employee also testified she saw Bierria beating Nurse White's head on the floor and bench and hitting Deputy Erlitz in the face.

Bierria testified in his own defense and said he did not remember hitting anyone. He stated he remembered a needle being stuck in him and trying to push someone out of the way and trying to run out of the infirmary. He said he did not believe he hit the nurse because his right hand was injured.

1. The evidence was sufficient to support the verdict of guilty on the charges of aggravated assault on Deputy Erlitz and mutiny in a penal institution. "On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the [defendant] no longer enjoys the presumption of innocence; moreover[,] an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]. *Howard v. State*, 261 Ga. 251, 252 (403 SE2d 204) [(1991)]; *King v. State*, 213 Ga. App. 268, 269 (444 SE2d 381) [(1994)]." *Dolphus v. State*, 218 Ga. App. 565, 566 (462 SE2d 453) (1995). The jury, assessing the weight of the evidence and the credibility of the witnesses, chose not to believe Bierria's testimony that he did not remember hitting anyone on the day in question and chose rather to believe Erlitz's testimony that Bierria hit him with the chair. *Weems v. State*, 267 Ga. 182, 183 (476 SE2d 585) (1996).

2. Next, Bierria argues that his retrial was barred by insufficient evidence in the first trial. He cites to no authority in support of this proposition and we find none. Indeed, case law is to the contrary. "The Supreme Court of the United States consistently has affirmed

the proposition that a trial court's declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy to which the defendant was subjected." *Rower v. State*, 267 Ga. 46 (472 SE2d 297) (1996) (citing *Richardson v. United States*, 468 U. S. 317, 326 (104 SC 3081, 82 LE2d 242) (1984)). Further, to the extent that Bierria argues other enumerations of error in this one enumeration, we will not consider them. OCGA § 5-6-40; *Robinson v. State*, 200 Ga. App. 515, 518 (408 SE2d 820) (1991).

3. In his next enumeration, Bierria contends that retrial was barred because the "State committed prosecutorial misconduct in failing to furnish copy of indictment [sic] [to Bierria] in an informed manner." "A charge of prosecutorial misconduct is a serious charge and is not to be lightly made; having raised it, appellant has the duty to prove it by the record and by legal authority." *Moclaire v. State*, 215 Ga. App. 360, 364 (451 SE2d 68) (1994) (quoting *Meredith v. State*, 211 Ga. App. 213, 215 (438 SE2d 644) (1993)). Here, Bierria cites to no legal authority in support of this claim. The record shows that Bierria was arraigned on January 2, 1997, and given a copy of the indictment at that time. Defense counsel did not file an entry of appearance until January 6, 1997, and trial was not until February 17, over six weeks later. That trial ended in a mistrial. The error, if any, is harmless. *Clark v. State*, 138 Ga. App. 266 (226 SE2d 89) (1976).

4. Bierria also contends the State failed to comply with discovery requests in a timely fashion. There is no evidence in the record to support this enumeration of error. Further, defense counsel never requested relief as a result of this alleged failure to comply with discovery. Counsel never stated to the trial court that he wanted a continuance or that he was not prepared to proceed to trial. Therefore, as Bierria can show neither harm nor that the trial court was asked to make a ruling on this issue, this enumeration of error is also without merit. *Mozier v. State*, 207 Ga. App. 264, 268 (427 SE2d 551) (1993); *Holland v. State*, 197 Ga. App. 496, 497 (398 SE2d 810) (1990).

5. Bierria next claims the trial court erred in refusing to allow him to rely on a plea of insanity or mental incompetency at the time of the crime. We fail to understand the reason behind enumerating this as error since defense counsel stated unequivocally that he did not intend to raise mental illness as a defense or plead insanity.

6. Bierria next argues the trial court erred in not allowing his expert witness to testify as to Bierria's mental state at the time of the incident. Defense counsel admitted at trial that he could not raise the defense of insanity because he failed to comply with the ten-day notice requirement of Uniform Superior Court Rule 31.4. Nevertheless, Bierria argues on appeal that the trial court erred in not

allowing a psychiatrist called by him to testify as to his mental capacity. As this evidence is clearly within the purview of those issues requiring notice under USCR 31.4, the trial court did not err in limiting the psychiatrist's testimony on this issue. *Cox v. State*, 216 Ga. App. 86, 88 (453 SE2d 471) (1995).

7. In his next enumeration, Bierria claims the trial court erred in admitting into evidence a medical consent form Bierria signed on July 10, 1996. Bierria contends that since the form was signed ten days before the tests were administered on July 23, it was error to admit it for purposes of showing that the tests given to him on July 23, 1996, were with his consent.

As the state points out, Bierria raised at trial the issue of whether or not he consented to the tests. Accordingly, the consent to medical treatment form was relevant. "Admissibility of evidence is a matter which rests largely within the discretion of the trial court; unless the potential for prejudice in the admission of evidence substantially outweighs its probative value, the Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value." *Campbell v. State*, 215 Ga. App. 14, 16 (449 SE2d 366) (1994). The court did not err in admitting the form into evidence.

8. In two enumerations, Bierria argues the trial court erred in admitting photographs without the testimony of the person who took them. We disagree. "A photograph is authenticated by showing it is a fair and accurate representation of the scene depicted. Any witness who is familiar with the scene depicted can authenticate the photograph; it is not necessary that the witness be the photographer or even that the witness have been present when the photograph was taken." *Isaacs v. State*, 259 Ga. 717, 732 (386 SE2d 316) (1989).

9. Next, Bierria claims that the crime of mutiny in a penal institution should have merged with the crime of aggravated assault. Bierria puts forth no specific reasoning in support of this contention, merely setting out case law that is not on point. In any event, mutiny in a penal institution does not merge with aggravated assault as a lesser included offense and there is no merit to this enumeration.

A crime is a lesser included offense when: "(1) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or (2) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." OCGA § 16-1-6.

Here, mutiny in a penal institution requires proof that a person in lawful custody assailed, opposed or resisted an officer of the law with the intent to cause serious bodily injury. OCGA § 16-10-54. Aggravated assault, on the other hand, is committed when a person

assaults someone: "(1) With intent to murder, to rape, or to rob; (2) With a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury. . . ." OCGA § 16-5-21.

In looking at these two Code sections, it becomes readily apparent that mutiny in a penal institution is established by proof of different elements than those required to establish aggravated assault and, therefore cannot be a lesser included offense of aggravated assault.

10. Bierria argues the trial court erred in granting the State's motion in limine preventing defense counsel from eliciting testimony as to why Bierria was in jail, what charges were pending against him and the disposition of those charges. This enumeration of error is totally without merit and misstates the ruling of the trial court. Although the court initially granted the State's motion in limine, the trial court reversed its ruling on this issue a short time later and stated that it would allow the defendant to introduce evidence of the charges Bierria was held on at the time of the incident and the disposition of those charges.

11. Next, Bierria argues the court erred when charging the jury on the crime of battery. However, after charging the jury the court asked whether the defense had any objections to the charge and defense counsel replied, "None, Your Honor." "Clearly, it is the law of this state, even in criminal cases, that if the trial court asks if there are any objections to the charge given, counsel for the defendant must either state his objections or reserve the right to make such objections on motion for new trial or on appeal or waive any such objections." *Allen v. State*, 177 Ga. App. 600, 603 (340 SE2d 246) (1986). Accordingly, this enumeration of error presents nothing for our review.

12. Bierria contends the trial court erred in denying his motion for new trial without a hearing. The record shows that Bierria filed his motion for new trial pro se. The trial court asked the Court Administrator to write Bierria and enclose an application for indigent representation and "render whatever assistance he could to Mr. Bierria, if Mr. Bierria considered himself indigent." The Administrator wrote Bierria on July 8, 1997, and argument on the motion for new trial was re-set for August 25, 1997. Because Bierria never responded to the Administrator's letter, the trial court denied the motion without a hearing. Under these circumstances, the trial court was justified in concluding that Bierria waived the hearing on his motion for new trial. *Peyton v. Peyton*, 236 Ga. 119, 121 (223 SE2d 96) (1976); *Moody v. State*, 14 Ga. App. 523 (2) (81 SE 588) (1914).

13. In his last enumeration of error, Bierria argues that, under the circumstances of this case, a 12-year sentence for aggravated

assault was an abuse of discretion. The sentence was within the statutory limits. OCGA § 16-5-21 (b). "This court will not review for legal error any sentence which is within the statutory limits." *Ogles v. State*, 218 Ga. App. 92, 95 (460 SE2d 866) (1995). Any claim as to the harshness of the sentence should be addressed to the sentence review panel as provided for in OCGA § 17-10-6.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MAY 21, 1998.

*Charles T. Brant*, for appellant.

Gregory P. Bierra, *pro se.*

*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney*, for appellee.