## A11A1717. DUNCAN v. THE STATE.
### (726 SE2d 558)

BARNES, Presiding Judge.

Robert Duncan appeals from the denial of his motion for new trial following his conviction for criminal attempt to commit child molestation. He contends on appeal that the trial court erred in denying his motion to exclude his confession because it was coerced in violation of OCGA § 24-3-50, that the trial court erred in admitting into evidence a statement regarding homosexual ideation from when he was "an adolescent," and that his trial counsel was ineffective. Upon review, and discerning no reversible error, we affirm.

Viewed in favor of the jury's verdict, the evidence shows that while Duncan was babysitting the ten-year-old victim, the two fell

asleep together on the sofa. The victim was lying in front of Duncan, and awakened when he felt Duncan's hand on the front of his pants near his penis. The victim testified that he purposefully inhaled loudly, and Duncan quickly moved his hand. The victim fell asleep again, and awakened when he felt pressure on the knot securing his sweatpants. He discovered that his sweatpants were no longer knotted. When the victim told Duncan he was going to bed, Duncan asked him to stay, and the victim refused and went to his room.

A different victim came forward and said that when he was around 14 years old Duncan babysat him as well, and had asked him to lie on the sofa with him on several occasions. On one occasion, as the two lay together, Duncan placed his hand on the victim's thigh and moved it up toward his crotch. The trial court directed a verdict as to the two counts associated with this victim because the indictment had alleged that Duncan touched the second victim's penis.

1. Duncan first contends that the trial court erred in denying his motion to exclude certain statements made to police on the basis that they were induced contrary to OCGA § 24-3-50. The video was shown to the court below at the *Jackson-Denno* hearing, but no copy of the video appears in the record on appeal. After the hearing and viewing the videotape, the trial court ruled that considering the totality of the circumstances, Duncan's videotaped statements were voluntarily and freely given and admissible, subject to the redaction of references to a "truth verification test." The videotape, however, was not entered into evidence at trial. Instead, the investigator who questioned Duncan testified that Duncan admitted that he "intentionally untied [the victim's] pajama pants" and that "he wasn't sure what his intentions were, but that . . . he did get a sick feeling when he was doing it."

Duncan was working at the Camden County's sheriff's office as a detention officer when he was brought in for questioning. Two sheriff's department employees questioned Duncan — an investigator and a captain. The captain supervised "noncertified personnel" in the sheriff's office, including Duncan. Duncan complains about the following exchange that apparently occurred on the videotape and was introduced through the investigator's testimony:

Q: Now, [Duncan] was told on the night by [the captain] that what he was looking at was either losing his job or going to jail, correct?
A: That was on the tape, yes.
Q: All right. And he also suggested to Robbie that he'd rather him just tell him something, even if it's embarrassing him,

come forth and tell him something about he's sorry — by saying he's sorry in order to get him to talk, correct?
A: Yes, sir.
Q: He indicated that if he would talk to him he would not be arrested, that he could pack up and leave — pack up his things, not come back, and that it would either be up to the Sheriff's Department or the DA's office as to what to do —
A: Yes, sir. . . .
Q: But in that particular case he was not going to be arrested . . . if he talked?
A: Yes, sir.
Q: But if he didn't talk, he was going to be arrested, correct?
A: . . . I don't believe he was told that if he didn't talk he was going to jail.

Under Georgia law, only voluntary incriminating statements are admissible against the accused at trial, and the State has the burden of proving the voluntariness of a confession by a preponderance of the evidence. OCGA § 24-3-50 requires that an admissible confession "must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." The promise of a benefit that will render a confession involuntary under OCGA § 24-3-50 must relate to the charge or sentence facing the suspect. "Generally, the 'hope of benefit' to which the statute refers has been construed as a hope of lighter punishment." (Citations and punctuation omitted.) *Foster v. State*, 283 Ga. 484, 485 (2) (660 SE2d 521) (2008). Exhortations to tell the truth are not a hope of benefit that renders a confession inadmissible under OCGA § 24-3-50. Id. at 486 (2). Likewise, "a mere 'truism' or recounting of facts," *Anderson v. State*, 224 Ga. App. 608, 610 (1) (481 SE2d 595) (1997), or an officer's promise that he "would see about getting the defendant home once defendant made a statement" do not implicate the provisions of OCGA § 24-3-50. *In the Interest of D. T.*, 294 Ga. App. 486, 489 (2) (669 SE2d 471) (2008).

Without the videotape, we are limited in our ability to review the statement within the full context of Duncan's interrogation. That he might be fired was true and was simply a recounting of fact, and, as noted above, we have found that the promises of being allowed to go free or go home are not prohibited by the statute. Thus, based on our review of the statements provided during the trial, the trial court did not err in determining that Duncan's admission was not made because of a promise of benefit within the meaning of OCGA § 24-3-50.

Moreover, "[f]actual and credibility determinations . . . made by

a trial judge after a voluntariness hearing must be accepted by appellate courts unless such determinations are clearly erroneous." (Citations and punctuation omitted.) *Tucker v. State*, 231 Ga. App. 210, 212 (1) (a) (498 SE2d 774) (1998). Since the trial court's pre-trial determination of voluntariness is supported by a preponderance of the evidence, it is not clearly erroneous and will not be disturbed on appeal. Id.

2. Duncan also contends that the trial court erred in admitting his statement that he had "a problem with homosexual pornography in the computer" from the age of 12 to 16, then later lost interest. We do not agree. Duncan, who was 21 at the time of the trial, admitted in a statement to police that he had watched and been aroused by homosexual pornography from the age of 12 until he was 16.

"[I]f evidence is relevant, no matter how slightly, it generally should be admitted and its weight left to the jury." (Citations and punctuation omitted.) *Kelley v. State*, 233 Ga. App. 244, 250 (4) (503 SE2d 881) (1998). We have "consistently held in child molestation cases that [materials] showing natural and unnatural sex acts . . . can have a tendency to show a bent of mind toward similar sexual activity. This [evidence] is admissible to show bent of mind and lustful disposition." (Punctuation omitted.) *Burris v. State*, 204 Ga. App. 806, 808 (1) (420 SE2d 582) (1992).

Accordingly, we find no error in the admission of this statement.

3. Duncan also contends that his trial counsel was ineffective for failing to oppose the State's notice of similar transaction evidence and failing to request a severance of the trial of offenses committed against the two victims.[1] He asserts that trial counsel was ineffective for failing to move to sever Counts 3 and 4, which involved the alleged acts against the second victim. Duncan's trial counsel did not testify at the motion for new trial hearing.

Whether trial counsel was ineffective is a two-part test, considering first whether counsel performed reasonably under prevailing professional norms, and second, whether counsel's deficient performance prejudiced the defense. *Wadley v. State*, 258 Ga. 465, 466-467 (3), (4) (369 SE2d 734) (1988). The defendant establishes prejudice by showing that, but for counsel's inadequate performance, there is a reasonable probability the result would have been different, and if the defendant suffers no prejudice, it does not matter whether counsel's performance was adequate. *Nelson v. State*, 255 Ga. App.

---

[1] There is no error in trial counsel's failure to oppose the State's notice of similar transaction evidence because the record does not reflect that the State filed a notice of similar transaction evidence.

315, 322-323 (10) (565 SE2d 551) (2002). Thus, we need not address both components if the defendant makes an insufficient showing on one. Id.

> There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and . . . [a] trial court's determination that a defendant has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.

(Punctuation and footnotes omitted.) *Collier v. State*, 266 Ga. App. 345, 351 (2) (596 SE2d 795) (2004). Guided by these principles, we conclude that the trial court committed no error in finding that trial counsel was not ineffective.

> When two or more crimes of the same general nature are committed against different persons, at different times and places, and are charged in separate counts of an indictment, severance is mandatory upon the defendant's motion if the crimes are joined *solely* because they are of the same or similar character. If the offenses are not joined solely because they are of the same or similar character, and evidence of one charged offense would be admissible as a similar transaction during trial on another charged offense, the trial court is vested with discretion in deciding whether to grant a motion to sever.

(Citations omitted; emphasis in original.) *Machiavello v. State*, 308 Ga. App. 772, 773 (2) (709 SE2d 28) (2011).

In this case, although the charged offenses involved different victims and occurred on different dates, they were admissible to show Duncan's common motive, lustful disposition, and bent of mind to satisfy his sexual desires. The molestation allegations involving the second victim came to light during the investigation of the molestation of the first victim. The trial court would have been authorized to find that the circumstances related to Duncan's molestation of either child victim would have been admissible as similar transaction evidence in his trial involving the molestation of the other, and to have denied a motion to sever on that ground. See *Boatright v. State*, 308 Ga. App. 266, 274 (2) (707 SE2d 158) (2011) ("Where evidence of one crime would be admissible in the trial of the other crime, it cannot be said that the trial court abused its discretion in denying appellant's motion for severance.").

Trial counsel will not be found ineffective for failing to file a futile motion. *Johnson v. State*, 159 Ga. App. 333 (2) (283 SE2d 375) (1981). Thus, we cannot say that the trial court erred in finding that trial counsel was not ineffective and in denying Duncan's motion for new trial.

*Judgment affirmed. Adams, J., concurs. Blackwell, J., concurs in Divisions 1 and 3 and in judgment.*

DECIDED MARCH 22, 2012.

*Grayson P. Lane*, for appellant.

*Jacquelyn L. Johnson, District Attorney, Katie M. Udy, Assistant District Attorney*, for appellee.