**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY , JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**May 29, 2014**

# In the Court of Appeals of Georgia

A14A0208. EDISON v. THE STATE.

MCFADDEN, Judge.

After a bench trial, Lisa Edison was convicted of driving under the influence of drugs to the extent she was a less safe driver (DUI). She appeals, arguing that the trial court erred in failing to suppress evidence concerning a drug recognition examination because the arresting officer offered her a "hope of benefit," in violation of former OCGA § 24-3-50, by telling her that she would not be taken to jail if she submitted to the examination. However, the officer's statement was not an improper hope of benefit under the statute, and therefore we affirm.

The evidence shows that in the early morning hours of July 20, 2008, a police officer saw Edison driving a car on the interstate, weaving from lane to lane and almost colliding with a vehicle in front of her. The officer initiated a traffic stop,

approached the vehicle, and noticed that Edison appeared sleepy and that her eyelids were drooping. Edison admitted to the officer that she had drunk alcohol earlier in the day and that she had taken a sleeping pill approximately 30 minutes earlier. After conducting field sobriety evaluations, the officer arrested Edison for DUI and read the implied consent warning to her. She agreed to take state-administered tests. After breath and blood tests were performed, the officer told Edison that if she would also submit to a detailed drug recognition examination, she would not be booked into jail at that time. The officer explained that she had been arrested for DUI, and that her participation in the further drug recognition examination would not change the fact that she had been charged with DUI, but she would then be given a copy of the charges and taken home. Edison agreed to the further examination, after which she was transported to her home.

Former OCGA § 24-3-50 provided that "[t]o make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury."[1] It is well settled that "[t]he promise of a

---

[1] The provisions of this former code section are now codified in OCGA § 24-8-824. But because this new code section became effective only as of January 1, 2013, it does not apply in this case and we thus cite the former code section. See *Edenfield v. State*, 293 Ga. 370, 373 (2) n. 5 (744 SE2d 738) (2013).

benefit that will render a confession involuntary under OCGA § 24-3-50 must relate to the charge or sentence facing the suspect. Generally, the hope of benefit to which the statute refers has been construed as a hope of lighter punishment." *Duncan v. State*, 315 Ga. App. 67, 69 (1) (726 SE2d 558) (2012) (citation and punctuation omitted). As the Georgia Supreme Court has explained, "the hope of benefit arises from promises related to reduced criminal punishment – a shorter sentence, lesser charges, or no charges at all. [Cits.]" *Edenfield*, supra at 373 (2) (punctuation omitted). Accordingly, "an officer's promise that he would see about getting the defendant home once defendant made a statement do[es] not implicate the provisions of OCGA § 24-3-50." *Duncan*, supra. (citation and punctuation omitted). See also *Overton v. State*, 295 Ga. App. 223, 243-244 (16) (671 SE2d 507) (2008) (being released from jail is not a hope of benefit that would implicate this code section).

Here, Edison has not challenged the admission of a *confession*, and instead challenges the admission of evidence concerning the drug recognition examination performed by the officer. "Thus, insofar as the [drug recognition] examination itself is concerned, there is nothing to suppress [under OCGA § 24-3-50]." *Parker v. State*, 256 Ga. 543, 547 (1) (d) (350 SE2d 570) (1986). See also *Scanlon v. State*, 237 Ga. App. 362, 364 (2) (514 SE2d 876) (1999) (results obtained from a chemical breath

3

test, like the results obtained from a sobriety test or a blood test, are not evidence of a testimonial or communicative nature).

Moreover, even if Edison had challenged the admission of a confession, the evidence plainly shows that the officer made no offer relating to the charges facing Edison, and certainly did not offer a reduced criminal punishment. On the contrary, the officer clearly explained that Edison's consent to the drug recognition examination would not affect the fact that she had been arrested and charged with DUI. Rather, the officer merely told Edison that she would be taken home after the examination. And as noted above, such a promise to take a defendant home does not implicate the provisions of OCGA § 24-3-50. See *Brown v. State*, 290 Ga. 865, 869 (2) (b) (725 SE2d 320) (2012) (promise regarding release after questioning has been held to constitute only a collateral benefit that does not mandate exclusion of the evidence); *In the Interest of D. T.*, 294 Ga. App. 486, 488-489 (2) (669 SE2d 471) (2008) (officer's promise to suspect that he would drive him home once he gave a statement was only a collateral benefit that did not implicate OCGA § 24-3-50)*; Smith v. State*, 269 Ga. App. 133, 140 (3) (603 SE2d 445) (2004) (OCGA § 24-3-50 did not require exclusion where officer said he would "see about getting [defendant]

home"). Accordingly, the trial court did not err in denying Edison's motion to suppress evidence.

*Judgment affirmed. Andrews, P. J., and Ray, J., concur.*