# Court of Appeals
# of the State of Georgia

ATLANTA,  May 29, 2026

*The Court of Appeals hereby passes the following order:*

**A26A2025. ROBERT WYATT v. THE STATE.**

In 1995, a jury convicted Robert Wyatt on charges of child molestation, aggravated child molestation, aggravated  sodomy, and incest against his five-year-old daughter. Wyatt appealed his convictions, and we affirmed his convictions but reversed and remanded for resentencing on counts that should have been merged. *Wyatt v. State*, 222 Ga. App. 604 (475 SE2d 651) (1996).  In January 2026, Wyatt filed a motion for leave to file an out-of-time motion for a new trial. The trial court dismissed that motion, and Wyatt filed this direct appeal. We lack jurisdiction.

In *Cook v. State*, 313 Ga. 471, 506(5) (870 SE2d 758) (2022), the Supreme Court of Georgia determined that a trial court lacks authority to grant an out-of-time appeal, and that any remedy involving an out-of-time appeal must be sought in habeas corpus. In response, the legislature enacted OCGA § 5-6-39.1, which became effective on May 14, 2025. This statute allows for defendants to seek out-of-time relief if (1) the defendant moves for leave to file an out-of-time motion for new trial or notice of appeal within 100 days from the expiration of the time period for the filing of such motion or notice, or (2) the defendant had an out-of-time motion or appeal dismissed under *Cook*. OCGA § 5-6-39.1(b). However, OCGA § 5-6-39.1(b) does not apply here, as Wyatt did not file his motion for out-of-time motion for new trial within 100 days from the expiration of the time period for filing a motion for new trial, nor did he have his motion or appeal dismissed under *Cook*.

Moreover, the remedies under OCGA § 5-6-39.1 are not available to Wyatt because he has already had a direct appeal. *Richards v. State*, 275 Ga. 190, 191 (563

SE2d 856) (2002) (a criminal defendant whose conviction has been affirmed on direct appeal has no right of direct appeal from the denial of a motion for an out-of-time appeal); see also *Milliken v. Stewart*, 276 Ga. 712, 713 (583 SE2d 30) (2003). Instead, such a defendant "may gain further appellate review of the judgment of conviction by filing an extraordinary motion for new trial or a petition for writ of habeas corpus." *Richards*, 275 Ga. at 192 n.1.

For the above reasons, this Court lacks jurisdiction over this appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__05/29/2026_____

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.